Case 2:22-cr-00346   Document 111   Filed 02/20/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CRIMINAL NO. 2:22-CR-00346-001 |
| | § | |
| GILBERT SANDOVAL, | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION & ORDER

On January 12, 2026, Defendant Gilbert Sandoval (Sandoval) filed his "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" (D.E. 106). On January 27, 2026, Plaintiff United States of America (the Government) timely filed its response (D.E. 110). *See* D.E. 107 (setting response deadline). Sandoval has not replied. For the reasons set out below, the motion is **DENIED**.

### DISCUSSION

Sandoval seeks a reduction in sentence and release from custody, stating as an "extraordinary and compelling" reason that the caregiver for his minor child has died and he is the only available caregiver for that child. *See* U.S.S.G. § 1B1.13(b)(3)(A). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Sandoval attached to his motion the Certificate of Death of C.D. He further states that he is the biological father of C.D.'s child, G.D. Also attached to his motion is an email from "Susan" under the account of "Jose Cantu" that indicates that both C.D. and Sandoval were without custody of the child before C.D.'s death; the child had been placed in foster care through Child Protective Services (CPS) before, and at the time of, C.D.'s death; and a court order granted Sandoval only supervised visitation.

As the Government points out, the language of § 1B1.13(b)(3)(A) requires Sandoval to show that he is in fact the biological father of the child and that he is the only available caregiver. There is no evidence of Sandoval's paternity other than his unsworn statement. *See* D.E. 78, ¶ 62 (Sandoval failed to complete paternity testing and had met the infant child only once prior to sentencing). And his attachments indicate that the decedent was not G.D.'s caregiver at the time of her death, G.D. remains in CPS's placement, and there is another family member available to be the caregiver if G.D. were to be taken out of CPS's placement. Additionally, the Government identified 11 direct family members of the child, and Sandoval has not addressed whether any of them would be suitable caregivers. *See* D.E. 78, ¶ 59; Obituary of C.D.

Any modification of a sentence also requires the court to consider the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), which include, among others:

1. The nature and circumstances of the offense;
2. The history and characteristics of the defendant;

3. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public; and

4. The need to provide the defendant with needed training, medical care, or other treatment in the most effective manner.

18 U.S.C. § 3582(c)(1)(A).

As the Presentence Investigation Report sets out, Sandoval was convicted of a serious drug trafficking crime, including possession of a firearm in furtherance of his crime, and he maintained his premises for the purpose of drug trafficking. D.E. 78, ¶¶ 15, 22, 23, 30. Sandoval was also charged by indictment with stalking and aggravated assault with a deadly weapon, involving shooting C.D.'s residence with a firearm at a time when G.D. was also present. D.E. 78, ¶¶ 14, 15, 16, 55. This, together with another arrest for a similar offense regarding another woman who is the mother of one of Sandoval's children, prompted the Court to order Sandoval to participate in a Batterer's Intervention and Prevention Program as a condition of his future term of supervised release. D.E. 85, p.4.

Sandoval's conviction of a drug trafficking offense with a firearm enhancement carries a statutorily mandated sentence of 60 months because of the seriousness of the offense. 18 U.S.C. § 924(c). Sandoval has not yet served that mandatory minimum sentence. Compassionate release at this time is inconsistent with the sentencing factors.

## CONCLUSION

Sandoval has not met his burden to show that he is G.D.'s biological father or that he is the only available caregiver qualified to serve in that capacity. The Court also finds that compassionate release would disserve the sentencing factors in § 3553(a). For the reasons set out above, the motion for compassionate release is **DENIED**.

**ORDERED** on February 20, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE